UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Chapter 11

RGR WATKINS, LLC,                                         Case No.

    Debtor.
_____/

RGR WATKINS, LLC,

    Plaintiff,

   vs.                                                   Adv. Proc. No. 8:13-ap-_____

CJUF III ATLAS PORTFOLIO, LLC,
as successor in interest to CSMI INVESTORS
LLC, as successor in interest to BANK OF
AMERICA, N.A.,

    Defendant.
_____/

**MOTION FOR PRELIMINARY INJUNCTION WITH
SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR HEARING**

RGR WATKINS, LLC (the "**Debtor**" or "**Plaintiff**"), files this Motion for Preliminary Injunction with Supporting Memorandum of Law and Request for Hearing, stating as follows:

1.    After notice to Defendant, CJUF III ATLAS PORTFOLIO, LLC, as successor in interest to CSMI INVESTORS LLC, as successor in interest to BANK OF AMERICA, N.A. ("**CJUF**"), and a hearing to be held before this Court, Plaintiff requests a preliminary injunction from this Court under § 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") based upon the facts set forth in the adversary complaint filed contemporaneously with this Motion and the legal authorities set forth in the accompanying Memorandum of Law.

2. As more particularly set forth in the Complaint for Injunctive Relief (Adv. Doc. No. 1) and the Memorandum of Law set forth below, the Debtor submits that a preliminary injunction enjoining CJUF from pursuing its arbitration and other actions (collectively, the "**CJUF Arbitration Action**") against Robert G. Roskamp ("**Roskamp**") should be issued by this Court pending confirmation of the Debtor's plan of reorganization because (1) the Plaintiff has a substantial likelihood of prevailing on the merits; (2) the Plaintiff will suffer irreparable harm unless the preliminary injunction is issued; (3) the injury to the Plaintiff outweighs any damages the injunction may cause CJUF; and (4) the public interest would be not be adversely affected if this Court issues an injunction.

WHEREFORE, the Plaintiff respectfully asks that this Court issue a preliminary injunction staying the CJUF Arbitration Action pending confirmation, and any further relief that this Court deems just and proper.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff files this Supporting Memorandum of Law in Support of Motion for Preliminary Injunction.

I.  **Argument and Citations of Authority**

A.  Jurisdiction and Venue

Under 28 U.S.C. §§ 157 and 1334, bankruptcy courts have nonexclusive jurisdiction over proceedings "related to" a case under the Bankruptcy Code. The test articulated by the Eleventh Circuit for determining whether a civil proceeding is related to bankruptcy is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) (citations omitted) (emphasis added). Because the outcome of the CJUF Arbitration Action could "conceivably have an effect on" the Debtor's estate and the Debtor's reorganization, the action is "related to" the bankruptcy case, and this Court has jurisdiction over this adversary proceeding.

B.  Bankruptcy Court's § 105(a) Powers

Bankruptcy courts have the same injunctive powers as courts of equity. S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978). The statutory predicate for a bankruptcy court to issue a stay is § 105(a) of the Bankruptcy Code. *Id.* Under § 105(a), bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." This language includes issuing permanent injunctions, preliminary injunctions, and temporary restraining orders. *See In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. M.D. Fla. 1985).

The jurisdictional test is whether failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through a third party. *Lahman Mfg. Co. v. First Nat'l Bank of Aberdeen (In re Lahman Mfg. Co.),*

33 B.R. 681 (Bankr. D.S.D. 1983). The case law is replete with instances where § 105(a) has been used to enjoin court proceedings against nondebtor parties that would affect the debtor's bankruptcy case. *Kasual Kreation*, 54 B.R. at 915. *See also*, *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405 (Bankr. S.D.N.Y. 1983); *Otero Mills, Inc. v. Security Bank & Trust, (In re Otero Mills, Inc.)*, 21 B.R. 777 (Bankr. D.N.M. 1982).

Based upon the aforementioned line of cases and § 105(a)'s express language, this Court has the power to enjoin parties from proceeding in other courts against parties other than the debtor when failing to enjoin the parties would harm a debtor's bankruptcy case.

C.   <u>Standard for Preliminary Injunction</u>

It is well established that a preliminary injunction is an extraordinary and drastic remedy that may be granted only upon a clear and convincing showing that the movant has carried its burden on each element under Rule 7065 of the Bankruptcy Rules. *In re Stephen P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) (citing *In re Costa & Head Land Co.*, 68 B.R. 296, 304 (Bankr. N.D. Ala. 1986)). To obtain the relief sought, the movant must show with the requisite degree of proof: (1) that the movant has a substantial likelihood of succeeding on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. *Id.* (citing *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Calaway v. Block*, 763 F.2d 1283, 1287

(11th Cir. 1985)); *In re Olympia Holding Corp.*, 161 B.R. 524, 528 (Bankr. M.D. Fla. 1993). These elements are to be balanced and are not to be treated as prerequisites. *American Imaging Services, Inc. v. Eagle Pricher Indus., Inc.* (*In re Eagle-Pricher Indus., Inc.*), 963 F. 2d 855, 859 (6th Cir. 1992). Consequently, a court may issue an injunction upon the overwhelming presence of one of the factors despite a weak showing on the others. *Id*. at 860.

D.    <u>Chapter 11 Codebtor Stays</u>

The automatic stay provisions of § 362(a) generally are not available to third-party nondebtors. *See, e.g.*, *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997) (explaining that it is "universally acknowledged that an automatic stay of proceedings accorded by §362(a) may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor") (citations omitted). It is equally well settled, however, that § 105(a) provides the bankruptcy courts with the authority to enjoin proceedings against nondebtors that would materially affect a debtor's effort to reorganize. *Nelson*, 140 B.R. at 816 (citing, *e.g.*, *In re Am. Hardwoods, Inc.*, 885 F.2d 621 (9th Cir. 1989). *See also*, *McCartney*, 106 F.3d at 509-510; *In re Sunbeam Securities*, 261 B.R. 534, 536 (S.D. Fla. 2001). Although a stay of litigation against a nondebtor guarantor is the exception and not the rule, bankruptcy courts have found "unusual circumstances" necessary to justify a preliminary injunction staying litigation against a nondebtor guarantor in essentially three fact patterns. *McCartney*, 106 F.3d at 509-510.

Initially, courts have found "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and, therefore, a judgment against the third-party defendant will, in effect, be a judgment or finding against the debtor." *Id.* (citing *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (relying on both the automatic stay provisions and the bankruptcy court's equitable powers under § 105(a) to enjoin actions against nondebtor codefendants in the Dalkon Shield products liability litigation because of the potential impact on the estate and the availability of the insurance proceeds to satisfy the claims); *see also*, *In re Am. Film Techs., Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994) (staying prosecution of wrongful discharge claims against former and present directors of debtor corporation because of debtor's indemnification obligations and its possible exposure to collateral estoppel prejudice).

Bankruptcy courts have also enjoined actions against nondebtor parties where the non-debtor's assets were to be used as a source to fund the plan or when preserving the credit standing of the nondebtor party and his ability to borrow played a significant and meaningful role in the debtor's attempt to achieve reorganization. *In re Regency Realty Associates*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (recognizing "classic scenario" for issuance of § 105(a) injunction to protect a nondebtor guarantor when guarantor willing to contribute his credit, funds or properties to fund plan of reorganization); *In re St. Petersburg Hotel Assocs., Ltd.*, 37 B.R. 380 (Bankr. M.D. Fla. 1984) (same); *In re Lazarus Burman Assocs.*, 161 B.R. 891, 899-900 (Bankr. E.D.N.Y. 1993) (enjoining

guaranty actions because principals were the only persons who could effectively formulate, fund, and carry out debtors' plans of reorganizations).

Finally, bankruptcy courts have exercised their discretion to stay actions against a debtor's principal when the principal is a "key person" and should be temporarily protected against lawsuits to devote his full time and energy to the affairs of the debtor, especially in the initial stage of the case. *See, e.g.*, *Nelson*, 140 B.R. at 817 (enjoining actions against the nondebtor guarantor of debtor corporation's obligations where guarantor was president of debtor and president's services and expertise were essential to the debtor's reorganization); *In re Johns-Manville Corp.*, 33 B.R. 254 (Bankr. S.D.N.Y. 1983) (enjoining all entities and their counsel from commencing, continuing or taking any action of any type against present, former or future officers, directors, or employees ); *In re Ionsphere Clubs, Inc.*, 111 B.R. 423, 435 (Bankr. S.D.N.Y. 1990) (enjoining a district court action against chairman of the debtors' board of directors because allowing action against him to proceed would result in substantial time being distracted from the reorganization process); *Kasual Kreation*, 54 B.R. at 917 (court enjoined creditor's action against debtor's principals at a time when their efforts were "essential to the operation of the debtor's business and reorganization"); *In re Ms. Kipps, Inc.*, 34 B.R. 91 (Bankr. S.D.N.Y. 1983) (enjoining action in state court by labor union against debtor's president).

    E.    <u>A § 105(a) Nondebtor Stay is Warranted in these Cases</u>

The Plaintiff respectfully submits that it can sustain its burden of proof on all necessary elements for a § 105(a) injunction. The Plaintiff would also submit that each of the "unusual circumstances" exist in this case justifying a § 105(a) nondebtor stay.

1. <u>Substantial Likelihood on the Merits</u>

For purposes of an injunction in a bankruptcy case, a "substantial likelihood of success" has been defined by numerous courts as the probability of a successful reorganization. *Nelson*, 140 B.R. at 816-817; *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993); *In re Gathering Rest., Inc.*, 79 B.R. 992, 998 (Bankr. N.D. Ind. 1986). When the Chapter 11 is still in its embryotic stage, however, most courts do not require the debtor to make detailed projections regarding feasibility, and this element may be satisfied as long as there is nothing in the record which demonstrates that the debtor will not be able to successfully reorganize. *Nelson*, 140 B.R. at 817.

In this case, the evidence will show that there is a substantial likelihood that the Debtor will be able to reorganize. The Business Center operations are cash-flow positive, and generate annual net operating profits. Debtor intends to formulate a plan for condominimization of the Business Center, consistent with the original intent at the time of acquisition, and will demonstrate that payment in full to all creditors within reasonable amount of time.

2. <u>Irreparable Harm</u>

All three fact patterns where bankruptcy courts have found "unusual circumstances" giving rise to irreparable harm exist in the case. A finding in favor of CJUF and against Roskamp, a nondebtor guarantor and co-plaintiff on the Counterclaims, will result in collateral estoppel prejudice against the Debtor and will also lead to the creation of indemnification claims against the Debtor. The Debtor denies that CJUF is

owed the amounts sought to be recovered in the CJUF Arbitration Action, including subject to set-off.

The evidence will also show that a judgment against Roskamp would harm his ability to potentially contribute assets to the reorganization effort. A judgment against him would also impair his credit standing for the purposes of potentially assisting the Debtor with respect to a refinancing of existing obligations, and securing financing for condominium unit purchasers.

Finally, the evidence will show that defending the CJUF Arbitration Action would be costly and time consuming. Roskamp has defenses to the CJUF Arbitration Action, and prosecuting the CJUF Arbitration Action will take time. Roskamp is devoting significant time and effort towards the Debtor's reorganization. Therefore, unless the CJUF Arbitration Action is stayed, Roskamp will be substantially diverted from his efforts to reorganize the Debtor.

### 3.  Balance of Prejudices

In contrast to the irreparable harm set forth above, the evidence will show that CJUF will suffer little, if any, prejudice from a temporary stay of the CJUF Arbitration Action pending confirmation. If a plan is confirmed, the CJUF Arbitration Action could be rendered moot — resulting in a significant cost savings to all parties. If the plan is not confirmed, the CJUF Arbitration Action may proceed, without prejudice to CJUF for any short time delay.

4.     Public Interest

The public interest would not be harmed if the Court temporarily stays the CJUF Arbitration Action pending confirmation. To the contrary, an injunction would serve the public interest because, from a societal perspective, reorganization is preferable to liquidation. *Nelson*, 140 B.R. at 817. If the CJUF Arbitration Action irreparably harms the Debtor's reorganization efforts, junior secured and unsecured creditors will likely receive no recovery on their claims, and value will be destroyed for all but CJUF.

## II.    Conclusion

For the reasons set forth herein, the Debtor respectfully asks that this Court enter a preliminary injunction enjoining CJUF from prosecuting the CJUF Arbitration Action against Roskamp pending confirmation, dismissal, or conversion, and grant any other and further relief that it deems just and proper.

Dated:  September 12, 2013

>   */s/ Daniel R. Fogarty*
>   Elena Paras Ketchum
>   Florida Bar No. 0129267
>   Daniel R. Fogarty
>   Florida Bar No. 0017532
>   Stichter Riedel Blain & Prosser, P.A.
>   110 East Madison Street, Suite 200
>   Tampa, Florida   33602
>   (813) 229-0144 – Phone
>   (813) 229-1811 – Fax
>   eketchum@srbp.com
>   dfogarty@srbp.com
>   Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Preliminary Injunction with Supporting Memorandum of Law and Request for Hearing has been furnished on this 12th day of September, 2013, by either the Court's CM/ECF system or electronic mail to:

CJUF III Atlas Portfolio, LLC
c/o Denise D. Dell-Powell, Esquire
Denise.dellpowell@burr.com

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty